IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID LEE JACKSON,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br><br><br><br><br>Civil Case No. 2:04-CV-970 TS<br><br>Criminal Case No. 2:03-CR-585 TS |

Petitioner David Lee Jackson brings a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner is proceeding *pro se* in this matter. The Court finds that Petitioner's underlying arguments lack merit and do not establish appropriate grounds upon which to justify relief under § 2255 because *Booker* does not apply to cases on collateral appeal. Therefore, the Court will deny Petitioner's § 2255 Motion and close this case.

On July 23, 2003, Petitioner was charged in a two-count Indictment with Possession of Stolen Firearms.[1]  Petitioner pleaded guilty to the charge on October 2, 2003.  A presentence report was prepared, and Defendant was sentenced on December 15, 2003, to a low-end sentence of 24 months incarceration.  Judgment was entered on December 16, 2003.  Petitioner did not pursue a direct appeal.

## DISCUSSION

Petitioner's argument appears to center on the recent Supreme Court cases of *Blakely v. Washington*[2] and *United States v. Booker*.[3]  Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level – based upon facts not expressly admitted by Petitioner – were in violation of his Fifth and Sixth Amendment rights.

Simply put, *Booker* does not apply to cases on collateral appeal.  However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable.  The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the

---

[1] Case No. 2:03-CR-585 TS.

[2] 540 U.S. 965 (2004).

[3] 125 S.Ct. 738 (2005).

Supreme Court holds it to be retroactive."[4]  The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[5]

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[6]  The Tenth Circuit has also held that "the rule announced in *Booker* is not retroactive."[7]  Because Petitioner's conviction was clearly final by June 24, 2004, The Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

---

[4] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[5]  125 S.Ct. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[6] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

[7] *United States v. Lucero*, 123 Fed. Appx. 918, 2005 WL 388731 (10th Cir. Feb. 18, 2005) (unpublished opinion).

DATED this 4th day of October, 2005.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge